IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GISELA REYES, Individually and for Others Similarly Situated,<br><br>    Plaintiff<br><br>v.<br><br>PEOPLEREADY, INC., a Washington For-Profit Corporation,<br><br>    Defendant. | Case No. _____<br><br>ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT

SUMMARY

1.      Gisela Reyes ("Reyes") brings this class and collective action to recover unpaid wages and damages from PeopleReady, Inc. ("PeopleReady").

2.      Reyes worked for PeopleReady as a Staffing Specialist in Pennsylvania.

3.      Like the Putative Class Members (as defined below), Reyes regularly worked more than 40 hours in a workweek.

4.      But PeopleReady does not pay them for all the hours they work.

5.      Instead, PeopleReady only pays Reyes and the Putative Class Members for the overtime hours that PeopleReady pre-approves.

ORIGINAL COMPLAINT - 1

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

6.     If PeopleReady does not pre-approve the overtime hours Reyes and the Putative Class Members work, PeopleReady does not pay them for the "unapproved" overtime hours they work.

7.     PeopleReady's overtime approval policy violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), the Pennsylvania Minimum Wage Act, 43 PA. STAT. § 333.101, *et seq.* (PMWA), and the Pennsylvania Wage Payment and Collection Law, 43 PA. STAT. § 260.1, *et seq.* (PWPCL) by depriving Reyes and the Putative Class Members of overtime pay for all overtime hours worked.

8.     Further, in addition to excluding "unapproved" overtime Reyes and the Putative Class Members work, PeopleReady also deducts 30 minutes a day from these employees' work time for so-called meal breaks if they are unable to take, and do not clock out and record they took, a meal break.

9.     Reyes and the Putative Class Members are thus not paid for that time.

10.     But PeopleReady fails to provide Reyes and the Putative Class Members with *bona fide* meal breaks.

11.     Instead, PeopleReady requires Reyes and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions, including during their unpaid "meal breaks."

12.     PeopleReady's meal break deduction policy violates the FLSA, PMWA, and PWPCL by depriving Reyes and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

JURISDICTION & VENUE

13.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

ORIGINAL COMPLAINT - 2

14.     The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

15.     This Court has general personal jurisdiction over PeopleReady because PeopleReady is a domestic corporation that maintains its headquarters in Tacoma, Washington.

16.     Venue is proper because PeopleReady maintains its headquarters in Tacoma, Washington, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

PARTIES

17.     Reyes worked for PeopleReady as a Staffing Specialist in Pennsylvania from approximately September 2021 until August 2022.

18.     Throughout her employment, PeopleReady classified Reyes as non-exempt and paid her on an hourly basis.

19.     Throughout her employment, PeopleReady subjected Reyes to its uniform overtime approval policy that deprived her of overtime pay for all overtime hours worked.

20.     Further, throughout her employment, PeopleReady subjected Reyes to its common practice of deducting 30 minutes a day from her recorded work time for so-called "meal breaks" if she was unable to take, and failed to record, a meal break.

21.     Reyes's written consent is attached as Exhibit 1.

22.     Reyes brings this action on behalf of herself and other similarly situated hourly, non-exempt PeopleReady employees who were subject to (1) PeopleReady's overtime approval policy and/or (2) PeopleReady's meal break deduction policy.

23.     PeopleReady uniformly fails to pay these employees for any "unapproved" overtime hours they work.

ORIGINAL COMPLAINT - 3

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

24.     Further, PeopleReady uniformly deducts 30 minutes/shift from these employees' recorded hours worked for so-called "meal breaks" if they are unable to take, and fail to record, a meal break.

25.     Thus, PeopleReady's overtime approval and meal break deduction policy deprives these employees of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek, in violation of the FLSA, PMWA, and/or PWPCL.

26.     The FLSA Collective of similarly situated employees is defined as:

> All hourly, non-exempt PeopleReady Staffing Specialists who (1) were subject to PeopleReady's overtime approval policy and/or (2) received a meal break deduction at any time during the past 3 years ("FLSA Collective Members" or "FLSA Collective").

27.     Reyes also seeks to represent such a class under the PMWA and PWPCL pursuant to FED. R. CIV. P. 23.

28.     The Pennsylvania Class of similarly situated employees is defined as:

> All hourly, non-exempt PeopleReady Staffing Specialists who (1) were subject to PeopleReady's overtime approval policy while working in Pennsylvania and/or (2) received a meal break deduction while working in Pennsylvania at any time during the past 3 years ("Pennsylvania Class Members" or "Pennsylvania Class").

29.     The FLSA Collective Members and Pennsylvania Class Members are collectively referred to as the "Putative Class Members" or "Putative Class."

30.     PeopleReady is a Washington for-profit corporation that maintains its headquarters in Tacoma, Washington.

31.     PeopleReady may be served with process by serving its registered agent: Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington 98501.

ORIGINAL COMPLAINT - 4

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Coverage Under The FLSA

32.     At all relevant times, PeopleReady was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33.     At all relevant times, PeopleReady was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

34.     At all relevant times, PeopleReady was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, laptops, pens, paper, etc. – that have been moved in or produced for commerce.

35.     At all relevant times, PeopleReady has had an annual gross volume of sales made or business done of not less than $500,000 each year.

36.     At all relevant times, PeopleReady has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as medical tools, personal protective equipment, computers, and cell phones.

37.     At all relevant times, Reyes and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce.

38.     PeopleReady uniformly failed to pay Reyes and the FLSA Collective Members' overtime wages for any "unapproved" overtime hours they worked.

39.     Further, PeopleReady uniformly deducted 30 minutes/shift from Reyes and the FLSA Collective Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

ORIGINAL COMPLAINT - 5

40. As a result of these uniform policies, PeopleReady failed to pay Reyes and the FLSA Collective Members for all their compensable work, including overtime wages, in violation of the FLSA.

41. PeopleReady's overtime approval and meal break deduction policies, which deprive Reyes and the FLSA Collective Members of overtime compensation for all overtime hours worked during the weeks in which these employees work over 40 hours, violate the FLSA. 29 U.S.C. § 207(a) & (e).

## The Facts

42. PeopleReady is a staffing and employment recruitment agency that provide "on-demand labor and highly skilled workers … [to] a wide range of industries, including construction, manufacturing and logistics, retail, and hospitality."[1]

43. PeopleReady employs Staffing Specialists, including Reyes and the Putative Class Members, to provide staffing and recruitment services to its clients.

44. PeopleReady uniformly classifies these employees as non-exempt and pays them on an hourly basis.

45. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

46. For example, Reyes worked for PeopleReady as a Staffing Specialist in Pennsylvania from approximately September 2021 until August 2022.

47. As a Staffing Specialist, Reyes's primary responsibilities included calling and emailing potential candidates, preparing profiles on these workers, screening candidates' qualifications,

---

[1] https://www.peopleready.com/ (last visited April 25, 2023).

ORIGINAL COMPLAINT - 6

preparing candidates for interviews, and placing them in positions across the country in accordance with PeopleReady's (and its clients') policies, procedures, specifications, and expectations.

48.     Throughout her employment, PeopleReady classified Reyes as non-exempt and paid her on an hourly basis.

49.     Throughout her employment, PeopleReady subjected Reyes to its uniform overtime approval policy.

50.     Specifically, PeopleReady required Reyes to obtain pre-approval from her supervisors to work overtime and failed to pay her for any "unapproved" overtime hours she worked.

51.     Further, throughout her employment, PeopleReady subjected Reyes to its common practice of deducting 30 minutes from her recorded hours worked and wages for meal breaks each shift that she was unable to take, and failed to record, a meal break.

52.     Reyes and the Putative Class Members performed their jobs under PeopleReady's supervision, and using materials, equipment, and technology approved and supplied by PeopleReady.

53.     PeopleReady requires Reyes and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

54.     At the end of each pay period, Reyes and the Putative Class Members received wages from PeopleReady that were determined by common systems and methods that PeopleReady selected and controlled.

55.     PeopleReady requires its hourly, non-exempt employees, including Reyes and the Putative Class Members, to record their hours worked using PeopleReady's timeclock system.

56.     Further, PeopleReady subjects its hourly, non-exempt employees, including Reyes and the Putative Class Members, to its uniform overtime approval policy.

ORIGINAL COMPLAINT - 7

57.     Specifically, PeopleReady requires Reyes and the Putative Class Members to obtain pre-approval from their supervisors to work overtime and fails to pay them for any "unapproved" overtime hours they work.

58.     But Reyes and the Putative Class Members routinely are required to work "unapproved" overtime "off the clock" to complete their staffing and recruiting job duties.

59.     This unpaid time is compensable under the FLSA because PeopleReady knew, or should have known, that Reyes and the Putative Class Members were performing unpaid work outside of their scheduled shifts, but PeopleReady failed to exercise its duty to ensure these employees were not performing work that PeopleReady did not want performed "off the clock."

60.     This unpaid time is compensable under the PMWA because (1) PeopleReady required Reyes and the Pennsylvania Class Members to be on-duty and/or at a designated work site during this "off the clock" work, (2) these employees remain under PeopleReady's control and supervision during this "off the clock" work, and/or (3) because PeopleReady knows these employees are performing their ordinary staffing and recruiting job duties during this "off the clock" work.

61.     The unpaid time is also compensable under the PWPCL because PeopleReady agreed to pay Reyes and the Pennsylvania Class Members set rates of pay for all time they worked, and PeopleReady failed to pay Reyes and the Pennsylvania Class Members all their earned wages for all hours worked.

62.     Despite accepting the benefits, PeopleReady did not pay Reyes and the Putative Class Members for the compensable work they performed during their "unapproved" overtime hours.

63.     PeopleReady knows Reyes and the Putative Class Members routinely work "unapproved" overtime, "off the clock," outside of their scheduled shifts because PeopleReady expects and requires these employees to do so.

ORIGINAL COMPLAINT - 8

64.     But PeopleReady does not pay Reyes and the Putative Class Members for their routine "unapproved" overtime work performed "off the clock" in violation of the FLSA, PMWA, and/or PWPCL.

65.     Thus, under PeopleReady's uniform overtime approval policy, Reyes and the Putative Class Members are denied overtime pay for those on-duty "unapproved" overtime hours worked in workweeks in which they work in excess of 40 hours in violation of the FLSA, PMWA, and PWPCL.

66.     Further, PeopleReady also subjects its hourly, non-exempt employees, including Reyes and the Putative Class Members, to a common policy and practice of deducting time from these employees' recorded hours worked for so-called "meal breaks."

67.     Specifically, PeopleReady requires Reyes and the Putative Class Members to clock out for their 30-minute meal breaks.

68.     But if Reyes and the Putative Class Members are unable to take a *bona fide* 30-minute meal break, and do not record that they did so by clocking out of PeopleReady's timeclock system, PeopleReady deducts 30 minutes from their time records.

69.     PeopleReady deducts this time regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

70.     Indeed, PeopleReady simply assumes Reyes and the Putative Class Members receive a *bona fide* meal break each shift they work.

71.     But PeopleReady fails to provide Reyes and the Putative Class Members with *bona fide* meal periods.

72.     Instead, PeopleReady requires Reyes and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

ORIGINAL COMPLAINT - 9

73.    This unpaid time is compensable under the FLSA and PMWA because PeopleReady knew, or should have known, that (1) Reyes and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 consecutive minutes.

74.    The unpaid time is also compensable under the PWPCL because PeopleReady agreed to pay Reyes and the Pennsylvania Class Members set rates of pay for all time they worked, and PeopleReady failed to pay Reyes and the Pennsylvania Class Members all their earned wages for all hours worked.

75.    PeopleReady failed to exercise its duty to ensure Reyes and the Putative Class Members were not performing work that PeopleReady did not want performed during their unpaid "meal breaks."

76.    Despite accepting the benefits, PeopleReady did not pay Reyes and the Putative Class Members for the compensable work they performed during their "meal breaks."

77.    PeopleReady knows Reyes and the Putative Class Members routinely perform work "off the clock" during their unpaid "meal breaks" because PeopleReady expects and requires these employees to do so.

78.    But PeopleReady does not pay Reyes and the Putative Class Members for their routine "off the clock" meal break work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA, PMWA, and/or PWPCL.

79.    Thus, under PeopleReady's uniform meal break deduction policy, Reyes and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they work in excess of 40 hours in violation of the FLSA, PMWA, and PWPCL.

ORIGINAL COMPLAINT - 10

80.     Likewise, under PeopleReady's uniform meal break deduction policy, Reyes and the Pennsylvania Class Members are denied "straight time" pay (at their agreed hourly rates) for those on-duty "meal breaks" in workweeks in which they work fewer than 40 hours in violation of the PWPCL.

81.     Reyes worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

82.     Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

83.     Indeed, PeopleReady typically requires Reyes and the Putative Class Members to work 8+ hours a day for 5 to 7 days a week.

84.     And Reyes and the Putative Class Members regularly are also required to work "unapproved" overtime and/or during their unpaid meal breaks "off the clock" to complete their job duties and responsibilities.

85.     As a result, Reyes and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

86.     When Reyes and the Putative Class Members worked more than 40 hours in a workweek, PeopleReady did not pay them overtime wages for all overtime hours worked because PeopleReady failed to include (1) any "unapproved" overtime hours these employees worked and/or (2) time these employees worked during their unpaid "meal breaks" in their total number of hours worked in a given workweek.

87.     Likewise, when Reyes and the Pennsylvania Class Members worked fewer than 40 hours in a workweek, PeopleReady did not pay them "straight time" pay (at their agreed hourly rates) for all hours worked because PeopleReady failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

ORIGINAL COMPLAINT - 11

88.    PeopleReady knew, or should have known, it was subject to the FLSA, PMWA, and PWPCL, including their respective overtime provisions.

89.    PeopleReady knew, or should have known, the FLSA, PMWA, and PWPCL require it to timely pay non-exempt employees, including Reyes and the Putative Class Members, overtime compensation at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

90.    PeopleReady knew, or should have known, the PWPCL requires it to timely pay employees, including Reyes and the Putative Class Members, all wages due, at the rates PeopleReady agreed to pay them, for all hours worked.

91.    PeopleReady knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA, PMWA, and PWPCL.

92.    PeopleReady knew, or should have known, Reyes and the Putative Class Members regularly worked "unapproved" overtime because PeopleReady expected and required them to do so.

93.    Likewise, PeopleReady knew, or should have known, Reyes and the Putative Class Members regularly worked during their unpaid "meal breaks" because PeopleReady expected and required them to do so.

94.    Nonetheless, PeopleReady failed to timely pay Reyes and the Putative Class Members wages, including overtime wages, for all hours worked, including those worked in excess of 40 hours in a workweek, which is in willful violation of the FLSA, PMWA, and PWPCL.

95.    Likewise, PeopleReady failed to pay Reyes and the Pennsylvania Class Members all their wages earned, at the rates PeopleReady agreed to pay them, for all hours of work they performed.

ORIGINAL COMPLAINT - 12

96.     PeopleReady knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Reyes and the Putative Class Members of pay, including overtime compensation, for all hours worked in violation of the FLSA, PMWA, and/or PWPCL.

97.     PeopleReady's failure to pay Reyes and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

98.     PeopleReady's failure to pay Reyes and the Pennsylvania Class Members all wages earned for all hours worked was neither reasonable, nor was the decision not to pay these employees all wages earned for all hours worked made in good faith.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

99.     Reyes brings her claims as a class and collective action under § 216(b) of the FLSA and FED. R. CIV. P. 23.

100.    The Putative Class Members were uniformly victimized by (1) PeopleReady's overtime approval policy and/or (2) PeopleReady's meal deduction policy, which are in willful violation of the FLSA, PMWA, and PWPCL.

101.    Other Putative Class Members worked with Reyes and indicated they were paid in the same manner, performed similar work, and were subject to PeopleReady's same illegal pay policies.

102.    Based on her experiences with PeopleReady, Reyes is aware PeopleReady's illegal practices were imposed on the Putative Class Members.

103.    The Putative Class Members are similarly situated in all relevant respects.

104.    Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime pay.

ORIGINAL COMPLAINT - 13

105.    Therefore, the specific job titles or precise job locations of the various members of the Putative Classes do not prevent class or collective treatment.

106.    Rather, the Putative Classes are held together by (1) PeopleReady's overtime approval policy and/or (2) PeopleReady's meal deduction policy, which systematically deprived Reyes and the Putative Class Members of wages, including overtime pay.

107.    The Pennsylvania Class Members are similarly denied timely "straight time" wages (at their agreed hourly rates) for all hours worked when they worked fewer than 40 hours in a workweek.

108.    The Putative Class Members are similarly denied timely overtime wages for all overtime hours worked when they work more than 40 hours in a workweek.

109.    The back wages owed to Reyes and the Putative Class Members will be calculated using the same records and using the same formula.

110.    Reyes's experiences are therefore typical of the experiences of the Putative Class Members.

111.    Reyes has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

112.    Like each Putative Class Member, Reyes has an interest in obtaining the unpaid wages owed under federal and/or state law.

113.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

114.    Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries, and PeopleReady will reap the unjust benefits of violating the FLSA, PMWA, and PWPCL.

115.    Further, even if some of the Putative Class Members could afford individual litigation against PeopleReady, it would be unduly burdensome to the judicial system.

ORIGINAL COMPLAINT - 14

116.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

117.     The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

118.     Among the common questions of law and fact are:

a.     Whether PeopleReady engaged in a policy and practice of failing to pay Reyes and the Putative Class Members for "unapproved" overtime hours worked in violation of the FLSA, PMWA, and PWPCL;

b.     Whether PeopleReady's uniform overtime approval policy deprived of overtime wages for all overtime hours worked in violation of the FLSA, PMWA, and PWPCL;

c.     Whether PeopleReady engaged in a policy and practice of deducting 30 minutes from Reyes and the Putative Class Members' recorded work time for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, PMWA, and PWPCL;

d.     Whether PeopleReady's meal break deduction policy deprived Reyes and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, PMWA, and PWPCL;

e.     Whether PeopleReady failed to pay Reyes and the Putative Class Members overtime compensation for all hours worked in excess of 40 hours in a workweek in violation of the FLSA, PMWA, and PWPCL;

ORIGINAL COMPLAINT - 15

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

f.     Whether PeopleReady failed to pay Reyes and the Pennsylvania Class Members all wages earned at their agreed rates for all hours worked in violation of the PWPCL;

g.     Whether PeopleReady knew, or had reason to know, Reyes and the Putative Class Members were requested, suffered, permitted, or allowed to work "unapproved" overtime "off the clock" in violation of the FLSA, PMWA, and PWPCL;

h.     Whether PeopleReady knew, or had reason to know, Reyes and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid "meal breaks" in violation of the FLSA, PMWA, and PWPCL;

i.     Whether PeopleReady's violations of the FLSA, PMWA, and/or PWPCL resulted from a continuing course of conduct;

j.     Whether PeopleReady's decision not to timely pay Reyes and the Putative Class Members overtime wages for all overtime hours worked was made in good faith;

k.     Whether PeopleReady's decision not to timely pay Reyes and the Pennsylvania Class Members all wages earned for all work performed was the result of a *bona fide* dispute; and

l.     Whether PeopleReady's violations of the FLSA, PMWA, and/or PWPCL were willful.

119.     Reyes and the Putative Class Members sustained damages arising out of PeopleReady's illegal and uniform employment policies.

ORIGINAL COMPLAINT - 16

120.     Reyes knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

121.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to PeopleReady's records, and there is no detraction from the common nucleus of liability facts.

122.     Therefore, the issue of damages does not preclude class or collective treatment.

123.     PeopleReady is liable under the PWPCL for failing to pay Reyes and the Pennsylvania Class Members "straight time" pay (at their agreed hourly rates) for all hours worked when they worked fewer than 40 hours in a workweek.

124.     PeopleReady is liable under the FLSA, PMWA, and PWPCL for failing to pay Reyes and the Putative Class Members overtime compensation for all overtime hours worked when they worked more than 40 hours in a workweek.

125.     Consistent with PeopleReady's illegal overtime approval policy, Reyes and the Putative Class Members were not paid overtime compensation for all overtime hours worked when they worked more than 40 hours in a workweek.

126.     Consistent with PeopleReady's illegal meal break deduction policy, Reyes and the Pennsylvania Class Members were not paid "straight time" pay (at their agreed hourly rates) for all hours worked when they worked fewer than 40 hours in a workweek.

127.     Consistent with PeopleReady's illegal meal break deduction policy, Reyes and the Putative Class Members were not paid overtime compensation for all overtime hours worked when they worked more than 40 hours in a workweek.

128.     As part of its regular business practices, PeopleReady intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, PMWA, and PWPCL with respect to Reyes and the Putative Class Members.

ORIGINAL COMPLAINT - 17

129.     PeopleReady's illegal policies deprived Reyes and the Putative Class Members of wages, including overtime compensation, which they are owed under federal and/or state law.

130.     There are many similarly situated FLSA Collective Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

131.     This notice should be sent to the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

132.     Those similarly situated employees are known to PeopleReady, are readily identifiable, and can be located through PeopleReady's records.

### COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

133.     Reyes realleges and incorporates all other paragraphs by reference.

134.     Reyes brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

135.     PeopleReady violated, and is violating, the FLSA by failing to pay Reyes and the FLSA Collective Members overtime compensation for all hours worked in excess of 40 in a workweek, including any "unapproved" overtime hours worked and/or hours worked during these employees' unpaid meal periods.

136.     Reyes and the FLSA Collective Members have been harmed as a direct and proximate result of PeopleReady's unlawful conduct because they have been deprived of wages owed for work that they performed and from which PeopleReady derived a direct and substantial benefit.

137.     PeopleReady's failure to pay Reyes and the FLSA Collective Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to timely pay these employees overtime compensation for all overtime hours worked made in good faith.

ORIGINAL COMPLAINT - 18

138.    Accordingly, Reyes and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE PMWA
### (PENNSYLVANIA CLASS)

139.    Reyes realleges and incorporates all other paragraphs by reference.

140.    Reyes brings her PMWA claims as a class action pursuant to FED. R. CIV. P. 23.

141.    The conduct alleged violates the PMWA, 43 PA. STAT. § 333.101, *et seq.*

142.    At all relevant times, PeopleReady was an "employer" within the meaning of, and subject to the requirements of, the PMWA. *See* 43 PA. STAT. § 333.103(g).

143.    At all relevant times, PeopleReady employed Reyes and the Pennsylvania Class Members as "employees" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(h).

144.    Section 333.104(c) of the PMWA requires employers, like PeopleReady, to pay employees, like Reyes and the Pennsylvania Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek. 43 PA. STAT. § 333.104(c).

145.    Reyes and the Pennsylvania Class Member are entitled to overtime pay under the PMWA.

146.    PeopleReady violated, and is violating, the PMWA by failing to pay Reyes and the Pennsylvania Class Members overtime wages for all hours worked in excess of 40 hours in a workweek, including any "unapproved" overtime hours worked and/or hours worked during these employees' unpaid meal periods. *See* 43 PA. STAT. § 333.104(c).

ORIGINAL COMPLAINT - 19

147.    Reyes and the Pennsylvania Class Members have been harmed as a direct and proximate result of PeopleReady's unlawful conduct because they have been deprived of wages owed for work that they performed and from which PeopleReady derived a direct and substantial benefit.

148.    PeopleReady knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Reyes and the Pennsylvania Class Members premium overtime compensation for all overtime hours worked.

149.    PeopleReady's failure to pay Reyes and the Pennsylvania Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

150.    Accordingly, Reyes and the Pennsylvania Class Members are entitled to recover their unpaid overtime in amount equal to 1.5 times the regular rate of pay for all hours worked in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, as well as attorney's fees, costs, and expenses of this action, as provided by the PMWA. *See* 43 PA. STAT. § 333.113.

## COUNT III
### FAILURE TO PAY ALL WAGES EARNED UNDER THE PWPCL
### (PENNSYLVANIA CLASS)

151.    Reyes realleges and incorporates all other paragraphs by reference.

152.    Reyes brings her PWPCL claims as a class action pursuant to FED. R. CIV. P. 23.

153.    The conduct alleged violates the PWPCL, 43 PA. STAT. § 260.1, *et seq.*

154.    At all relevant times, PeopleReady was an "employer" within the meaning of, and subject to the requirements of, the PWPCL. *See* 43 PA. STAT. § 260.2a.

155.    At all relevant times, PeopleReady employed Reyes and the Pennsylvania Class Members as "employees" within the meaning of the PWPCL.

ORIGINAL COMPLAINT - 20

156.     The PWPCL requires employers, like PeopleReady, to pay employees, like Reyes and the Pennsylvania Class Members, all wages (including overtime wages) earned, due, and owing to them on their regular payday. 43 PA. STAT. § 260.3(a).

157.     During the course of their employment, PeopleReady agreed to pay Reyes and each Pennsylvania Class Member an hourly rate for all hours they worked under and up to 40 hours in a workweek, as well as overtime rates for all hours they worked in excess of 40 hours in a workweek.

158.     Reyes and each Pennsylvania Class Member accepted PeopleReady's offer.

159.     But during the course of their employment, PeopleReady failed to pay Reyes and the Pennsylvania Class Members for all time they worked at the rates PeopleReady agreed to pay them because (1) PeopleReady failed to pay these employees for any "unapproved" overtime hours worked and/or (2) PeopleReady deducted 30 minutes from these employees' recorded work time for so-called "meal breaks" that were not *bona fide*.

160.     As a result of PeopleReady's uniform overtime approval and meal break deduction policies, Reyes and the Pennsylvania Class Member have been deprived of all wages earned, due, and owed to them. *See* 43 PA. STAT. § 260.3(a).

161.     Reyes and the Pennsylvania Class Members have been harmed as a direct and proximate result of PeopleReady's unlawful conduct because they have been deprived of wages owed for work that they performed and from which PeopleReady derived a direct and substantial benefit.

162.     PeopleReady knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Reyes and the Pennsylvania Class Members all wages earned, at the rates PeopleReady agreed to pay them, for all hours worked.

163.     PeopleReady's failure to pay Reyes and the Pennsylvania Class Members all wages earned for all hours worked was neither reasonable, nor was the decision not to pay these employees all wages earned for all hours worked made in good faith.

ORIGINAL COMPLAINT - 21

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

164.    Accordingly, Reyes and the Pennsylvania Class Members are entitled to recover their unpaid "straight time" and overtime wages, plus liquidated damages, as well as attorney's fees and costs. *See* 43 PA. STAT. § 260.9a.

JURY DEMAND

165.    Reyes demands a trial by jury.

RELIEF SOUGHT

WHEREFORE, Reyes, individually and on behalf of the Putative Class Members, seeks the following relief:

    a.    An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.    An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

    c.    An Order appointing Reyes and her counsel to represent the interests of the FLSA Collective and Pennsylvania Class;

    d.    An Order pursuant to Section 16(b) of the FLSA finding PeopleReady liable for unpaid overtime wages due to Reyes and the FLSA Collective Members, as well as for liquidated damages in an amount equal to their unpaid compensation;

    e.    An Order finding PeopleReady liable for unpaid overtime wages owed to Reyes and the Pennsylvania Class Members under the PMWA, as well as for all available penalties;

ORIGINAL COMPLAINT - 22

1

2

3

    f.      An Order finding PeopleReady liable for unpaid "straight time" and overtime wages owed to Reyes and the Pennsylvania Class Members under the PWPCL, as well as for liquidated damages;

4

5

6

    g.    Judgment awarding Reyes and the Putative Class Members all unpaid compensation and other damages available under the FLSA, PMWA, and PWPCL;

7

    h.    An Order awarding attorney's fees, costs, and expenses;

8

9

    i.      Pre- and post-judgment interest at the highest applicable rates; and

10

    j.     Such other and further relief as may be necessary and appropriate.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORIGINAL COMPLAINT - 23

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

Date: April 28, 2023

Respectfully submitted,

FRANK FREED SUBIT & THOMAS LLP

By: /s/Michael Subit
   Michael C. Subit, WSBA #29189
   msubit@frankfreed.com
   705 Second Ave., Suite 1200
   Seattle, Pennsylvania 98104
   Telephone:  206.624.6711

JOSEPHSON DUNLAP, LLP

By: /s/ Michael Josephson
   Michael A. Josephson*
   mjosephson@mybackwages.com
   Andrew W. Dunlap*
   adunlap@mybackwages.com
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   Telephone:  713.352.1100

BRUCKNER BURCH, PLLC

By: /s/ Rex Burch
   Richard J. (Rex) Burch*
   rburch@brucknerburch.com
   11 Greenway Plaza, Suite 3025
   Houston, Texas 77046
   Telephone: 713.877.8788

*Pro Hac Vice Applications Forthcoming

ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS

ORIGINAL COMPLAINT - 24